## James Farrelly & wife *vs.* Jonathan Ladd.

If a married woman delivers her own money to another person to deposit in a savings bank in his own name in trust for her, and this is accordingly done, the trust thereby created is terminated by his death, and she thereupon becomes entitled to the money; and if the administrator of his estate obtains it, he is personally liable to her in an action for money had and received.

Chapman, J.    This action is founded upon a contract which the plaintiffs allege to have been made between Mrs. Farrelly and Joseph Gray, deceased, who was the defendant's intestate. They allege that she delivered to Gray the sum of five hundred dollars to be put into a savings bank for her, by her maiden name of Ellen Carney, in order that it might be safe for her and her child, so that her husband could not get it; and that he received it and deposited it in the Lowell Institution for Savings to his own credit, "in trust for Ellen Carney," in conformity with this contract. This is the contract which is in issue and on trial in this action; and as Gray, who was one of the parties to it, is dead, the court decided properly that Mrs. Farrelly, the other party, could not be a witness in her own favor. This is the same point that was decided in *Ayres* v. *Ayres*, 11 Gray, 130.

But a contract of that character, followed by a deposit of the money in the name of Gray, in trust for her, would constitute him a trustee. The trust being created by herself, and she being the *cestui que trust*, she might terminate it at her pleasure; and being personal, it would be terminated by his death. The bank book which is in the case expresses such a trust, and is evidence of its existence.

Upon the decease of Gray, the money would not become a part of his personal assets, but would belong to the *cestui que trust.* Under our present statutes in respect to married women there is no need of a trustee to protect her right to it as her separate property ; but she may hold it to her sole and separate use, if it belongs to her, without the intervention of a trustee. The bank book belonged to her, if it shall appear that the money was deposited in trust for her; and when the defendant surrendered it to the bank and had the money transferred to his private account, he became personally liable to her for money had and received to her use. The money was not a part of the assets of the estate before he received it, and his taking it did not convert it into assets, nor can he hold it as administrator. The ruling of the judge that she had no right to maintain the action if she proved the alleged trust was therefore erroneous.

*Exceptions sustained.*

*T. H. Sweetser & W. S. Gardner,* for the plaintiffs, cited *Hunnewell* v. *Lane,* 11 Met. 163.

*D. S. Richardson & G. Stevens,* for the defendant, cited *Buttrick* v. *King,* 7 Met. 20 ; *Trecothick* v. *Austin,* 4 Mason, 29.